# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TAYLOR JAMES BLOATE, )<br>)<br>Defendant. ) | No. 4:06CR518-SNL |

## ORDER

This case is set for jury trial February 26, 2007. On February 19, 2007 defendant filed motion to dismiss claiming that there has not been a compliance with the Speedy Trial Act, 18 U.S.C. § 3161. The Government has responded in opposition.

This case began with the filing of a criminal complaint and the arrest of the defendant on August 3, 2006. An indictment was returned August 25, 2006 and trial was set for November 13, 2006.

On September 7, 2006 defendant filed motion for an extension of time in which to file pretrial motions and an extension was granted. It would appear, therefore, that 12 days had run from the date of the indictment to defendant's motion for extension of time. (Trial of a defendant charged in an indictment shall commence within 70 days from the filing date of the indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).)

On September 25, 2006 defendant filed a waiver of his right to file pretrial motions and after a hearing, the court granted the waiver on October 4, 2006. The time from September 7,

2006 through October 4, 2006 was within the extension of time granted to file pretrial motions, and is excludable. The clock, however, begins to run October 4, 2006.

On November 8, 2006, defendant filed motion to continue the trial date, and on November 9, 2006 the court reset the trial to December 18, 2006. Accordingly, the time from October 4, 2006 to November 9, 2006, which is 35 days, is countable time.

The court did not specify the reasons for the granting of defendant's request for a continuance, but in effect, did so on the basis of the motion. In the motion, defendant stated that "Counsel needs additional time to investigate and prepare this matter for trial. Counsel believes that granting this continuance would outweigh the interests of the public and defendant to a Speedy Trial." This should comport with the requirements of 18 U.S.C. §3161(h)(8)(A).

During the first week of December 2006, the court met informally, and off the record, with counsel for the Government and the defendant to set up a time for a change of plea, pursuant to a plea bargaining agreement. Although the case was set for trial December 18, 2006, the parties agreed to implement the plea agreement on December 20, 2006. At that time, the parties appeared before the court and the defendant elected not to implement the plea agreement, copy of which had been furnished to the court, in advance, and asked that he have new counsel and that his case be continued for a trial. The defendant and his counsel, at that time, stated to the court that additional time would be needed for a new attorney to be appointed to represent the defendant, and for that attorney to be able to prepare adequately for trial.

Accordingly, by agreement of all of the parties and counsel, the case was reset for jury trial February 26, 2007. New counsel was appointed for the defendant January 3, 2007. Former counsel had been an Assistant Federal Public Defender.

The court believes that the time from November 9, 2006 when the court granted

defendant's motion for a continuance for the trial setting to December 18, 2006, to December 20, 2006 when the plea agreement was not implemented should be excludable time for two reasons. First, the time was at defendant's request for a continuance. Second, that period of time involved the completion of a plea agreement and the consideration of same by the court. See 18 U.S.C. § 3161(h)(1)(I).

The time from December 20, 2006 to the present date or to the date when the case has been reset for trial on February 26, 2007 should be excludable as it has resulted from defendant's election not to implement a plea agreement, and his request to the court to have new counsel appointed for him.

On December 20, 2006 it was obvious to the court, although specific findings were not made, that defendant and his counsel, at that time, were not able to resolve their conflicts. Although the court was reluctant to appoint counsel for the defendant at that late date, it appeared unwise not to do so as defendant should have had at least one further opportunity to have counsel of his choice, even at the government's expense. It was therefore obvious to the court that a delay was required in order that the ends of justice could more properly be served in this continuance. To force the defendant to go to trial on a date when a plea was to be implemented, when the defendant elected not to implement the plea agreement and express severe dissatisfaction with his attorney would, in fact, create serious consequences for the defendant. Granting these continuances obviously outweighed the best interest of the public and the defendant to a Speedy Trial.

Accordingly, the court determines that after considering all of the factors in 18 U.S.C. § 3161(h)(8)(B), the continuances granted on November 9, 2006 and December 20, 2006

outweighed the best interests of the public and the defendant to a Speedy Trial.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (#39) filed February 19, 2007 is **DENIED**. This case remains set for trial February 26, 2007.

Dated this 21st day of February, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE